IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**JESSIE D. HESTER**,                                           :
                                                              :
                Plaintiff,                                      :
                                                              :
v.                                                            :       Civil Case No. _____
                                                              :
**SPECIALIZED LOAN SERVICING LLC**                            :
**dba SPECIALIZED LOAN SERVICES**                             :
                                                              :
Serve: National Registered Agents, Inc., Reg. Agent           :
       4701 Cox Road                                        :
       Suite 285                                            :
       Glen Allen, VA  23060                                :
                                                              :
and                                                           :
                                                              :
**VIRGINIA NATIONSTAR MORTGAGE, LLC**                         :
                                                              :
Serve:  Corporation Services Co., Reg. Agent                  :
        Bank of America Center                             :
        1111 East Main Street, 16th Floor                  :
        Richmond, VA  23219                                :
                                                              :
and                                                           :
                                                              :
**EQUIFAX INFORMATION**                                       :
**SERVICES, LLC**                                             :
                                                              :
Serve:  Corporation Service Company, Reg. Agent               :
        Bank of America Center, 16th Floor                 :
        1111 East Main Street                              :
        Richmond, VA 23219                                 :
                                                              :
and                                                           :
                                                              :
**EXPERIAN INFORMATION**                                      :
**SOLUTIONS, INC**.                                           :
                                                              :
Serve:  David N. Anthony, Reg. Agent                          :
        1001 Haxall Point                                  :
        Richmond, VA 23219                                 :

and                                                            :
                                                               :
                                                               :
**TRANS UNION, LLC**                                           :
                                                               :
Serve:  Corporation Service Company, Reg. Agent  :
          Bank of America Center, 16th Floor           :
          1111 East Main Street                        :
          Richmond, VA 23219                           :
                                                               :
and                                                            :
                                                               :
**BANK OF AMERICA,**                                     :
**NATIONAL ASSOCIATION**                                 :
                                                               :
Serve:  CT Corporation System, Reg. Agent        :
          4701 Cox Road, Ste 301                       :
          Glen Allen, VA 23060                         :
                                                               :
and                                                            :
                                                               :
**NAVY FEDERAL CREDIT UNION**                            :
                                                               :
Serve:  James C. Dawson, Reg. Agent              :
          820 Follin Lane, SE                          :
          Vienna, VA  22180                            :
                                                               :
                              Defendants.                :
_____:

## **COMPLAINT**

The Plaintiff, **JESSIE D. HESTER**, by counsel, and for his Complaint against the

Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's

fees brought against the Defendants pursuant to 15 U.S.C. § 1681 of the Federal Fair Credit

Reporting Act ("FCRA").

2

## JURISDICTION

2.     The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4.     The Plaintiff, **JESSIE HESTER** ("Plaintiff" or "Mr. Hester"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.     Upon information and belief, **BANK OF AMERICA NATIONAL ASSOCIATION** ("***BOA***") is a national banking association organized under the laws of the United States of America, doing business as a credit card provider and servicer in the Commonwealth of Virginia, and at all times relevant hereto was a "furnisher" as governed by the FCRA.

6.     **SPECIALIZED LOAN SERVICING LLC** ("***Specialized***"), is a foreign company with its principal place of business in Colorado that provides mortgage products and services.  At all times relevant hereto, ***Specialized*** was a "furnisher" as used in the FCRA.

7.     Upon information and belief, **VIRGINIA NATIONSTAR MORTGAGE, LLC** ("***Nationstar***"), is a company with its principal place of business in the Commonwealth of Virginia and is a "furnisher" as governed by the FCRA.

8.     Upon information and belief, **NAVY FEDERAL CREDIT UNION** ("***Navy Federal***") is a credit lender, finisher, and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

9.      Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC** ("*Equifax*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

10.      Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

11.      Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

12.      Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC**. ("*Experian*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

13.      Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

14.       Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

15.      Upon information and belief, **TRANS UNION, LLC** ("*Trans Union*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

16.     Upon information and belief, **Trans Union** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, **Trans Union** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

17.      Upon information and belief, **Trans Union** disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

18.     On October 17, 2011, Mr. Hester was granted a divorce from his now ex-wife. Per the Final Decree of divorce, Mr. Hester's ex-wife assumed the debts for the first and second mortgages on their marital home, with **Nationstar** and **Specialized**, respectively, and agreed to assume the debt and agreed to indemnify Mr. Hester for the same.

19.     After the divorce, Mr. Hester's ex-wife stopped paying the debts she assumed in that divorce and from which agreed to indemnify Mr. Hester and filed a Chapter 7 bankruptcy.

20.     Upon information and belief, **Nationstar**  foreclosed on the marital home and both **Specialized** "charged off" the debt associated with the second mortgage.

21.     In 2012, Mr. Hester started receiving credit card statements from **Bank of America**.  Mr. Hester, never having opened or used a consumer credit card account with **Bank of America** credit card, immediately contacted **Bank of America** to inform them of the fraud.

22.     Mr. Hester obtained copies of his credit reports from **Equifax**, **Experian**, and **Trans Union** (collectively, "**Credit Bureaus**"), and learned that they were improperly reporting information pertaining to the **Bank of America** credit card and were also inaccurately reporting the foreclosure of the **Nationstar** mortgage and a "charge-off" of the loan from **Specialized**

5

without identifying that his wife assumed responsibility of these obligations. Additionally, *Equifax*, *Experian*, and *Trans Union* were inaccurately reporting multiple accounts from *Navy Federal* that either Mr. Hester's ex-wife assumed or on which Mr. Hester never had any liability.

23.     In particular, *Equifax, Experian,* and *Trans Union* were all incorrectly reporting that the Bank of America account was an "Individual Account" of Mr. Hester that was charged off.

24.     This reporting was false and/or inaccurate. Mr. Hester never had a *Bank of America* consumer credit card nor did he ever sign an agreement opening a *Bank of America* consumer credit card. Additionally, Mr. Hester's ex-wife agreed to assume responsibility for the debts associated with the marital home, including the *Nationstar* and *Specialized* obligations, and the *Navy Federal* accounts.

25.     As part of his efforts to remove the inaccurate information from his credit reports, Mr. Hester mailed multiple dispute letters to *Equifax, Experian,* and *Trans Union*.

26.     Within two years prior to filing this complaint, Defendants either refused to correct the inaccurate information in the Plaintiff's credit file and/or reinserted the deleted information in violation of the FCRA.

27.     For example, as a part of his disputes of the inaccurate reporting, Mr. Hester included a copy of his Final Decree of Divorce and Separation Agreement in which Mr. Hester's ex-wife assumed responsibility of the *Nationstar, Specialized,* and *Navy Federal* debt and asked that the credit bureau's include a statement that his ex-wife assumed responsibility for the debt.

28.     Mr. Hester sent separate dispute letters to *Equifax, Experian* and *Trans Union* on November 14, 2014, regarding their inaccurate reporting of multiple accounts in his credit file,

including the derogatory accounts with *Bank of America, Nationstar, Specialized,* and *Navy Federal*.

29.     On or about November 27, 2014, *Experian* provided its investigation results to the Plaintiff.  Despite the documents submitted by the Plaintiff, *Experian* failed to correct the inaccuracies and only indicated that it would not reinvestigate the *Bank of America* reporting without additional documents from Mr. Hester. *Experian* failed to address any of the other inaccurately reporting items on his credit report.

30.     On or about March 31, 2015, Mr. Hester sent another dispute to *Experian* attaching an email in which Mr. Hester's ex-wife removing him as an authorized user of the *Bank of America* account and asking *Experian* to reinvestigate all of the other disputed items as *Experian* ignored those disputes.

31.     On April 13, 2015, *Experian* provided its Investigation Results to the Plaintiff's disputes. Despite the all of the information provided by the Plaintiff, *Experian* again failed to correct the inaccuracies in the Plaintiff's credit file only indicating it would not reinvestigate the "Specialized Loan Servici" reporting without additional information from the Plaintiff.  Again, *Experian* ignored and failed to reinvestigate all of the other disputed items.

32.     On February 25, 2016, Plaintiff sent another dispute letter to *Experian* requesting that *Experian* add a short statement that Mr. Hester's ex-wife assumed responsibility for the negatively reporting items and that the negatively reporting Bank of America account be deleted in its entirety as Mr. Hester never had a *Bank of America* card or signed any contract assuming liability for the same.

33.     No response was ever received from **Experian** from the February 25, 2016 dispute.

34.     Neither **Trans Union** nor **Equifax** ever responded to the Plaintiff's November 14, 2014 disputes.

35.     On March 31, 2015, the Plaintiff again sent separate disputes to **Trans Union** and **Equifax** requesting that they reinvestigate and correct the inaccurate reporting on the Plaintiff's credit report.

36.     On May 2, 2015, **Trans Union** provided its Investigation Results to the Plaintiff's disputes.  Despite the information provided by the Plaintiff, **Trans Union** failed to correct the inaccuracies in the Plaintiff's credit file. Instead **TransUnion** continued to report the **Bank of America** account and inexplicably refused to even identify that the negatively reporting **Nationstar** and **Specialized** accounts were disputed.

37.     The Plaintiff sent disputes to **Trans Union** again on May 14, 2015 and again on March 4, 2016, explaining again that the **Bank of America** account was not his and requested that **Trans Union** include a statement that Mr. Hester's ex-wife assumed responsibility for the Nationstar, Specialized, Navy Federal debts.  As part of the dispute, Mr. Hester included a copy of previous disputes, which included the Final Divorce Decree holding Mr. Hester's ex-wife responsible for these debts and agreeing to indemnify Mr. Hester for these obligations.

38.     Much to the dismay of Mr. Hester, **Trans Union** never again responded to the disputes or the request to include a statement of explanation that these debts were assumed by Mr. Hester's ex-wife.

39.     *Equifax* again failed to respond to the Plaintiff's March 31, 2015 dispute which attached the earlier disputes requesting that *Equifax* reinvestigate the reporting of the *Bank of America* account and explaining that Mr. Hester's ex-wife assumed responsibility for the other negatively reporting items on Mr. Hester's Equifax credit report.

40.     The Plaintiff sent yet another dispute to *Equifax* on May 14, 2015, including additional information and attaching all of the earlier disputes sent to *Equifax* imploring *Equifax* to investigate the derogatory and inaccurate items on Mr. Hester's credit report.

41.     On or about May 22, 2015, *Equifax* provided its Investigation Results to Plaintiff's numerous disputes. Despite the information provided by the Plaintiff, *Equifax* failed to correct the inaccuracies in the Plaintiff's credit file.  Instead, *Equifax* continued to report the *Bank of America* account.   Much to the Plaintiff's dismay, *Equifax* stated that "We have verified that this item belongs to you" and continues to report that this item was an individual credit card account belonging to the Plaintiff.

42.     In its May 22, 2015 Investigation Results, *Equifax* also notified the Plaintiff that it verified the *Specialized, Nationstar,* and *Navy Federal* accounts all belonged to the Plaintiff, but neglected to add a statement that these accounts were assumed by Mr. Hester's ex-wife.

43.     On or about March 4, 2016, the Plaintiff sent another dispute requesting that Equifax re-investigate the *Bank of America* account as well as requesting Equifax to include a statement that the *Nationstar, Specialized,* and *Navy FCU* accounts were assumed by Mr. Hester's ex-wife.

44.     Equifax never responded to the March 4, 2016 dispute.

45.     Defendants each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file.

46.     Defendants also refused to add a statement

47.     Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

48.     On numerous occasions, Defendants *Equifax, Experian* and *Trans Union* furnished Plaintiff's consumer reports to multiple entities that contained the inaccurate derogatory information.

49.     Defendants refusal to remove derogatory credit information has resulted in the denial of credit to Plaintiff.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
### (*EQUIFAX, EXPERIAN, TRANS UNION*)

50.     Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint.

51.     *Equifax, Experian* and *Trans Union* violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

52.     As a result of *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

53.     The violations by *Equifax, Experian* and *Trans Union* were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15

10

U.S.C. § 1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

54.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (*EQUIFAX, EXPERIAN, TRANS UNION*)

55.     Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint.

56.     *Equifax, Experian* and *Trans Union* violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

57.     *Equifax, Experian* and *Trans Union*'s violations of 15 U.S.C. §1681i(a)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

58.     The violations by *Equifax, Experian* and *Trans Union* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

11

59. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(2)(A)
### *(EQUIFAX, EXPERIAN AND TRANS UNION)*

60. Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint.

61. *Equifax, Experian* and *Trans Union* violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide the furnishers of the information with all the relevant information regarding Plaintiff's disputes.

62. As a result of *Equifax, Experian* and *Trans Union* violations of 15 U.S.C. §1681i(a)(2), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

63. The violations by *Equifax, Experian* and *Trans Union* were willful, rendering of the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)

*(EQUIFAX, EXPERIAN AND TRANS UNION)*

65.     Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint.

66.     *Equifax, Experian* and *Trans Union* violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

67.     As a result of *Equifax, Experian* and *Trans Union*'s violations of 15 U.S.C. §1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

68.     The violations by *Equifax, Experian* and *Trans Union* were willful, rendering the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

69.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(A)
### *(EQUIFAX, EXPERIAN AND TRANS UNION)*

70.     Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint.

71.     *Equifax, Experian* and *Trans Union* violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

72.     As a result of *Equifax, Experian* and *Trans Union* violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

73.     The violations by *Equifax, Experian* and *Trans Union* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

74.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(A)
### (*BANK OF AMERICA, SPECIALIZED, NATIONSTAR, & NAVY FCU*)

75.     Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint.

76.     On one or more occasions within the past two years, by example only and without limitation, *Bank of America, Specialized, Nationstar,* and *Navy FCU* violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

77.     When the Plaintiff mailed his disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher-customers such as *Bank of America, Specialized, Nationstar,* and *Navy FCU*. It is an automated system and the procedures used by the CRAs are systemic and uniform.

78.     When the CRAs receives a consumer dispute, it (usually via an outsource vendor) translates that dispute into an "ACDV" form.

79.     Upon information and belief, the ACDV form is the method by which **Bank of America, Specialized, Nationstar,** and **Navy FCU** have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

80.     On information and belief, the Plaintiff alleges that to date **Bank of America, Specialized, Nationstar,** and/or **Navy FCU** have never complained to the CRAs about the amount of information they receive regarding a consumer dispute through the e-Oscar system or through ACDVs.

81.     If **Bank of America, Specialized, Nationstar,** and **Navy FCU** receive a consumer dispute ACDV form, they are aware that they may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

82.     Based on the manner in which the CRAs responded to the Plaintiff's disputes, representing that **Bank of America, Specialized, Nationstar,** and **Navy FCU** had "verified" the supposed accuracy of its reporting, Plaintiff alleges that **Equifax, Experian** and **Trans Union** did in fact forward the Plaintiff's dispute via an ACDV to **Bank of America, Specialized, Nationstar,** and **Navy FCU**.

83.     **Bank of America, Specialized, Nationstar,** and **Navy FCU** understood the nature of the Plaintiff's dispute when they received the ACDV from the credit bureaus.

84.     When **Bank of America, Specialized, Nationstar,** and **Navy FCU** received the ACDV from the credit reporting agencies, they as well could have reviewed its own system and

previous communications with the Plaintiff and discovered additional substance of the Plaintiff's

dispute.

85.     Notwithstanding the above, **Bank of America, Specialized, Nationstar,** and **Navy FCU** follow a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all **Bank of America, Specialized, Nationstar,** and **Navy FCU** do is review their own internal computer screen for the account and repeat back to the ACDV system the same information that **Bank of America, Specialized, Nationstar,** and **Navy FCU** already reported to the CRAs.

86.     When **Bank of America, Specialized, Nationstar,** and **Navy FCU** receive a consumer dispute through e-Oscar, they do not conduct a substantive review of any sort to determine whether or not the information already in their computer system is itself accurate.

87.     As a result of **Bank of America, Specialized, Nationstar,** and **Navy FCU**'s violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

88.     The violations by **Bank of America, Specialized, Nationstar,** and **Navy FCU** were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89.     The law in this District, the Fourth Circuit, and even nationally has long ago been set to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA.

90.     **Bank of America, Specialized, Nationstar,** and **Navy FCU** were aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

91.     On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that **Bank of America, Specialized, Nationstar,** and **Navy FCU** intended their employees or agents to follow.

92.     On information and belief, Plaintiff alleges that **Bank of America, Specialized, Nationstar,** and **Navy FCU**'s employees or agents did not make a mistake (in the way in which he or she followed **Bank of America, Specialized, Nationstar,** and **Navy FCU**'s procedures) when he or she received, processed and responded to the CRAs' ACDVs.

93.     On information and belief, the Plaintiff alleges that **Bank of America, Specialized, Nationstar,** and **Navy FCU** have not materially changed their FCRA investigation procedures after learning of their failures in this case.

94.     In the alternative, **Bank of America, Specialized, Nationstar,** and **Navy FCU** were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

95.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Bank of America, Specialized, Nationstar,** and **Navy FCU** in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (*BANK OF AMERICA, SPECIALIZED, NATIONSTAR, & NAVY FCU*)

96.     Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous Count).

97.     On one or more occasions within the past two years, by example only and without limitation, **Bank of America, Specialized, Nationstar,** and **Navy FCU** violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

98.     As Plaintiff detailed in Count Six, **Bank of America, Specialized, Nationstar,** and **Navy FCU** have elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

99.     **Bank of America, Specialized, Nationstar,** and **Navy FCU** are aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

100.    **Bank of America, Specialized, Nationstar,** and **Navy FCU** do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

101.    **Bank of America, Specialized, Nationstar,** and **Navy FCU** understood the Plaintiff's disputes.

102.    Nevertheless, **Bank of America, Specialized, Nationstar,** and **Navy FCU** ignored such information and instead simply regurgitated the same information it had previously reported to the CRAs.

103.    As a result of **Bank of America, Specialized, Nationstar,** and **Navy FCU**'s violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not

limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

104.     The violations by **Bank of America, Specialized, Nationstar,** and **Navy FCU** were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, **Bank of America, Specialized, Nationstar,** and **Navy FCU** were negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

105.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Bank of America, Specialized, Nationstar,** and **Navy FCU** in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
## (*BANK OF AMERICA, NATIONSTAR, and SPECIALIZED*)

106.     Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous two Counts).

107.     On one or more occasions within the past two years, by example only and without limitation, **Bank of America, Nationstar**, and **Specialized** violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the **Bank of America, Nationstar**, and **Specialized's** representations within Plaintiff's credit files with **Equifax, Experian** and/or **Trans Union** without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

108.    Specifically, **Bank of America, Nationstar**, and **Specialized** failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

109.    On information and belief, the Plaintiff alleges that **Bank of America, Nationstar**, and **Specialized** rarely if ever adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

110.    Plaintiff's disputes were bona fide as reflected by the Divorce Decree and that fact that Bank of America does not have any contract with the Plaintiff.

111.    As a result of **Bank of America, Nationstar**, and **Specialized** violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

112.    The violations by **Bank of America, Nationstar**, and **Specialized** were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

113.    **Bank of America, Nationstar**, and **Specialized** were aware of the *Saunders v. B.B. & T*, FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

114.    On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that **Bank of America, Nationstar**, and **Specialized** intended its employees or agents to follow.

20

115.    On information and belief, the Plaintiff alleges that **Bank of America, Nationstar**, and **Specialized**'s employees or agents did not make a mistake (in the way in which they followed **Bank of America, Nationstar**, and **Specialized**'s procedures) when they received, processed and responded to the CRAs' ACDVs and did not include the XB code in the CCC field.

116.    On information and belief, the Plaintiff alleges that **Bank of America, Nationstar**, and **Specialized** have not materially changed its FCRA investigation procedures regarding the CCC field in ACDVs after learning of its failures in this case.

117.    In the alternative, **Bank of America, Nationstar**, and **Specialized** were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

118.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Bank of America, Nationstar**, and **Specialized** in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
**JESSIE D. HESTER**

By: _____
                    Counsel

Nathan D. Baney, Esq. VSB #75935
Baneylaw, P.C.
2121 Eisenhower Ave, Suite 200
Alexandria, Virginia 22314
Telephone: 571-303-9102
Facsimile: 240-556-0304
Email: nathan@baneylaw.com
*Counsel for Plaintiff*